SOPHIA REINECKE, Appellee, v. ELLA HINMAN, Appellant, et al., Appellee.

ORIGINAL NOTICE: Service—Publication as to Concealed Debtor. A judgment *in rem* on publication service on an actual resident of the county of suit is proper when it is made to appear that the defendant locked herself in her own house and concealed herself in order to avoid personal service of the notice of suit.

Headnote 1: 32 Cyc. p. 477.

*Appeal from Lee District Court.*—JOHN M. RANKIN, Judge.

OCTOBER 19, 1926.

This is a suit to foreclose a mortgage against the defendant, as mortgagor. The defendant entered a special appearance to challenge the jurisdiction of the court over her or her property. The court overruled her contention, but rendered a decree of foreclosure *in rem* only. The defendant has appealed.—*Affirmed.*

*B. F. Jones* and *B. A. Dolan,* for appellant.

*Boyd & McKinley,* for appellee Sophia Reinecke.

No appearance for W. N. Sage.

EVANS, J.—The defendant was served by publication only. This was done pursuant to an order by the court made upon the application of the plaintiff, on the ground that personal service could not be made upon the defendant within this state. The challenge to the jurisdiction is predicated upon the invalidity of such notice by publication. The salient facts relied on in support of the defendant's contention are that the defendant was, at all times involved herein, and for forty years prior thereto, a well known resident of the city of Keokuk, in Lee County, and was well known as such to the plaintiff and to the officers in whose hands the original notice had been placed for service; and that, therefore, there was no authority, under the statute, for any other form of service of original notice upon her than by personal service. The motion was resisted by the plaintiff, and evidence was heard by the court upon the submission of the motion.

The evidence on behalf of the plaintiff consisted largely of testimony of the sheriff and the deputy sheriff of Lee County. It appears therefrom that an original notice was placed in their hands for service upon the defendant; that they sought diligently to serve the same; that on two occasions one or the other of them went to the home of the defendant for the purpose of making such service; that at each time she locked her doors against them and refused to see them or to let them come into the house; that they knocked persistently at every entrance, without avail; that they were advised by a near-by neighbor lady, Kamper by name, who purported to be a friend and representative of the defendant, that the defendant would not see anyone nor permit anyone to enter her house unless she (Kamper) were first advised of the business upon which entrance was desired; that the officer advised such lady of his business, and delivered her a copy of the notice, and also tacked a copy of the notice upon each of the entrance doors to the residence of the defendant. It further appeared from the testimony of these officers that this conduct on the part of the defendant was a

settled habit with her; that on seven different occasions in recent years they had attempted to obtain service of papers upon her in this and other cases; and that they had never been able to accomplish it; that, in certain cases when she was outdoors or in her porch when the officers approached, she immediately went into her house, and locked all her doors, and refused all access to the officers. No denial was made of any of this testimony. The defendant's counsel meets it with a purported explanation that the defendant is deaf and reticent and unwilling to see people.

The defendant cites many authorities in support of the general proposition that personal service is essential to the jurisdiction of the court over the person of a resident of this state, while living therein. We see no occasion to spend any time in the consideration of that question. Section 11081, Code of 1924, specifies the conditions under which jurisdiction may be obtained by publication of notice as a due service thereof. Subdivision 7 of such section provides:

"7. *In all actions where the defendant, being a resident of the state,* has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, *or to avoid the service of a notice, or keeps himself concealed therein with like intent.*"

The trial judge was clearly justified, upon the evidence before him, in finding that the defendant was concealing herself in order to avoid the service of a notice upon her.

Whether the provisions of this statute would warrant our saying that the court could obtain personal jurisdiction over her for the purpose of a personal judgment, we have no occasion to consider. The district judge chose to put his court upon safe ground and to assume jurisdiction *in rem* only. The court had statutory jurisdiction over the subject-matter, and the method of service was sufficient to apply such jurisdiction to the defendant's interest therein and to become binding upon her as to such subject-matter.

We hold, therefore, that, in entering a judgment *in rem* under the conditions disclosed by this record, the trial court did not err.

Its judgment is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.